*597 The defendant contends that the prosecution failed to establish certain elements of the crimes with which he was charged, as well as New York State’s territorial jurisdiction over his criminal conduct, with the exception of the reckless endangerment convictions, with legally sufficient evidence. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of the remaining crimes charged beyond a reasonable doubt, and that his conduct constituting an element of the offense occurred within this State (see CPL 20.20 [1] [a]; People v Stokes, 88 NY2d 618, 625-626 [1996]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the fact-finder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to the defendant’s contention, the Supreme Court did not impose a term of imprisonment on his conviction of scheme to defraud in the first degree to run consecutively to his convictions of two counts of falsifying business records in the first degree and one count of grand larceny in the third degree. Rather, the Supreme Court imposed a concurrent term of imprisonment. Thus, the sentence was not illegal. Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contention is unpreserved for appellate review and, in any event, without merit. Angiolillo, J.P., Belen, Chambers and Austin, JJ., concur.